UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NAUTILUS INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ABBY ENTERPRISES, INC.; COHASSET ) <br> ASSOCIATES, INC.; ALFRED G. MORGAN, III; ) <br> AXIS, INC.; and SCOTT A. DEMEULE, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No: |

## COMPLAINT FOR DECLARATORY JUDGMENT

This is a civil action for declaratory relief pursuant to 28 U.S.C. § 2201, in which the plaintiff, Nautilus Insurance Company ("Nautilus"), petitions this Court for declarations of rights and obligations in connection with an insurance policy that it issued to Abby Enterprises, Inc. ("Abby Enterprises"). Specifically, Nautilus seeks declarations that it is not obligated to defend or to indemnify Abby Enterprises against potential liabilities alleged in an underlying action pending in Massachusetts Superior Court (Plymouth County) entitled *Scott A. DeMeule v. Cohasset Associates, Inc., et al.*, Civil Action No. 2083CV00601 (the "*DeMeule Action*"). Nautilus also seeks declarations that it is not obligated to defend or to indemnify Cohasset Associates, Inc. ("Cohasset Associates"), as a purported additional insured under the policy, against the potential liabilities that the *DeMeule Action* alleges against it.

### Parties

1. Plaintiff, Nautilus, is an Arizona corporation with a principal place of business located at 7233 E. Butherus Drive, Scottsdale, Arizona.

2. Defendant, Abby Enterprises, is a Massachusetts corporation with a principal place of business located in Marshfield, Plymouth County, Commonwealth of Massachusetts.

3. Defendant, Cohasset Associates, is a Massachusetts corporation with a principal place of business located in Cohasset, Norfolk County, Commonwealth of Massachusetts.

4. Defendant, Alfred G. Morgan, III ("Morgan") is in individual who resides in Hanon, Plymouth County, Commonwealth of Massachusetts;

5. Defendant, Axis, Inc. ("Axis"), is a Massachusetts corporation with a principal place of business located in Hanson, Plymouth County, Commonwealth of Massachusetts.

6. Defendant, Scott A. DeMeule ("DeMeule") is an individual who resides in Carver, Plymouth County, Commonwealth of Massachusetts.

## Jurisdiction and Venue

7. This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it concerns a controversy between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## FACTS

### The *DeMeule Action*

10. On August 14, 2020, DeMeule filed his complaint in the *DeMeule Action*.

11. The *DeMeule Action* complaint alleges that Cohasset Associates "was the general contractor on a construction project in Cohasset, Massachusetts ('the Project')."

12. The *DeMeule Action* complaint alleges that Morgan "was the licensed construction supervisor for the Project."

13. The *DeMeule Action* complaint alleges that Axis "was the construction manager for the Project."

14. The *DeMeule Action* complaint alleges that "Abby Enterprises . . . was a subcontractor working on the [P]roject and . . . owned, operated, controlled, managed and/or maintained a compact roller machine that was being used by DeMeule."

15. The *DeMeule Action* complaint alleges that "[a]s the general contractor . . . Cohasset Associates had a nondelegable duty to maintain the jobsite in a reasonably safe condition and to coordinate the work of the subcontractors in a safe manner."

16. The *DeMeule Action* complaint alleges that "[a]s the licensed construction supervisor . . . Morgan had a nondelegable duty to maintain the jobsite in a reasonably safe condition and to coordinate the work of the subcontractors in a safe manner."

17. The *DeMeule Action* complaint alleges that "[a]s the construction manager . . . Axis had a nondelegable duty to maintain the jobsite in a reasonably safe condition and to coordinate the work of the subcontractors in a safe manner."

18. The *DeMeule Action* complaint alleges that "[o]n . . . April 15, 2020, an unsafe condition was created on the Project in the area where DeMeule was assigned to work."

19. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "knew or should have known about the unsafe condition."

20. The *DeMeule Action* complaint alleges that "[o]n April 15, 2020, Abby Enterprises provided an unsafe compact roller machine which had its safety canopy removed to be used on the Project by DeMeule."

21. The *DeMeule Action* complaint alleges that "[o]n . . . April 15, 2020, [Cohasset Associates, Morgan, Axis, and Abby Enterprises] allowed unsafe equipment to be used on the Project including a compact roller machine which had its safety canopy removed."

22. The *DeMeule Action* complaint alleges that "[o]n . . . April 15, 2020 . . . [DeMeule] was severely injured when he became pinned between a steel beam and the compact roller machine that he was operating on the jobsite."

23. The *DeMeule Action* complaint alleges that "[o]n . . . April 15, 2020, the materials and equipment used on the Project, including but not limited to the compact roller machine, were unreasonably dangerous, defective and deficient, and proximately caused DeMeule to be severely injured."

24. The *DeMeule Action* complaint alleges that "[t]he Project was in an unsafe condition in the area where DeMeule was directed to work which proximately caused [him] to be severely injured."

25. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "were negligent in their construction activities, design, supervision, and oversight of the Project, creating a dangerous and unsafe condition on the Project."

26. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "permitted and/or directed DeMeule to work under these unsafe and dangerous conditions and failed to warn [him] about the unsafe and dangerous conditions."

27. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "permitted construction site activities to proceed under unreasonably dangerous and unsafe conditions, failed to take reasonable care or precaution, and instructed workers, including DeMeule, to work under dangerous and unsafe conditions."

28. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "failed to coordinate the work in a safe manner so that no person, including DeMeule, would be exposed to unsafe conditions and suffer severe injuries."

29. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "failed to have in place a proper safety plan and safeguards to prevent the creation of unsafe working conditions for workers working on the Project."

30. The *DeMeule Action* complaint alleges that Cohasset Associates, Morgan, Axis, and Abby Enterprises "failed to initiate and maintain programs and perform Job Hazard Analyses which provided for frequent and regular inspections of the jobsite, materials and equipment to be made by competent personnel."

31. The *DeMeule Action* complaint alleges that "Abby Enterprises . . . was negligent in its ownership, operation, control, management, maintenance and/or preservation of the compact roller machine operated by DeMeule, which had its safety canopy removed."

32. The *DeMeule Action* complaint alleges that "[a]s a direct and proximate result of . . . negligence and wrongful conduct [of Cohasset Associates, Morgan, Axis, and Abby Enterprises], DeMeule was caused to suffer severe and permanent injuries, including . . . a right leg amputation, left toe and partial left foot amputation, a lacerated spleen, internal bleeding, blood clots, kidney and gallbladder complications, as well as mental anguish."

33. The *DeMeule Action* complaint alleges that "DeMeule's injuries have required extensive and ongoing medical treatment and numerous surgeries."

34. The *DeMeule Action* complaint alleges that "[a]s a direct and proximate result of

. . . negligence and wrongful conduct [of Cohasset Associates, Morgan, Axis, and Abby Enterprises], DeMeule has incurred and will continue to incur . . . medical bills . . . physical and emotional pain and suffering . . . lost wages . . . and diminishment in his enjoyment of life."

35. The *DeMeule Action* complaint asserts negligence causes of action against Cohasset Associates (Count I), Morgan (Count II), Axis (Count III), and Abby Enterprises (Count IV).

**Crossclaims Against Abby Enterprises**

36. In connection with its answer to the complaint in the *DeMeule Action*, Cohasset Associate has asserted crossclaims for contribution (Count I) and indemnification (Count II) against Abby Enterprises.

37. Similarly, Morgan and Axis have asserted crossclaims for contribution (Count I), common law indemnification (Count II), and contractual indemnification (Count III) against Abby Enterprises.

**DeMeule's Status at the Time of the Accident**

38. In answers to interrogatories served in the *DeMeule Action*, DeMeule has averred that at the time of the accident he was working on the Project as a subcontractor of Abby Enterprises.

**Material Terms of the Cohasset Associates/Abby Enterprises Subcontract**

39. On May 1, 2019, Cohasset Associates subcontracted Abby Enterprises to perform "Sitework" for the Project.

40. The subcontract provides (in relevant part):

   ARTICLE 4 SUBCONTRACTOR

              \*   \*   \*

4.6 Indemnification

4.6.1    To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the . . . Contractor . . . and [its] agents and employees . . . from and against claims, damages, losses and expenses, including but not limited to attorney's fees, arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that any such claim, damage, loss or expense is attributable to bodily injury . . . but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Subcontractors, anyone directly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by [the] party indemnified hereunder.

\* \* \*

ARTICLE 13    INSURANCE AND BONDS

13.1    The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability as will protect the Subcontractor from claims that may arise out of, or result from, the Subcontractor's operations and completed operations under the Subcontract:

*See Subcontract Exhibit "A" attached.*

41.    The "Exhibit 'A'" that Article 13.1 references states (in relevant part):

The Subcontractor agrees to the following insurance requirements:

1. Commercial General Liability . . . with minimum limits of $1,000,000 each occurrence [and] . . . $2,000,000 aggregate . . . .

\* \* \*

List of Indemnified Parties, Certificate Holders, and Additional Insureds.

Cohasset Associates, Inc., P.O. Box 103, Cohasset, MA 02025

**Material Terms of the Policy**

42.    Nautilus issued an insurance policy numbered NN1047336 (the "Policy").

43.    The Policy includes a "Commercial Lines Policy – Common Policy Declarations" form (Form E001 (02/14)) that identifies Abby Enterprises as the "Named Insured," and the "Policy Period" as October 15, 2019, to October 15, 2020.

44. A further "Commercial General Liability Coverage Part Declarations" form (Form S150 (07/09)) provides that the Policy has an applicable "Each Occurrence Limit" of $1,000,000.

45. The Policy also includes a "Commercial General Liability Coverage Form" (Form CG 00 01 04 13), which states (in relevant part):

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations . . . .
>
> The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured.
>
> Other words and phrases that appear in quotation marks have special meaning. Refer to Section V – Definitions.
>
> SECTION I – COVERAGES
>
> COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.
>
>    \*   \*   \*
>
>    b. This insurance applies to "bodily injury" . . . only if:
>
>       (1) The "bodily injury" . . . is caused by an "occurrence" . . .; [and]
>
>       (2) The "bodily injury" occurs during the policy period . . . .
>
>    \*   \*   \*
>
> 2. Exclusions
>
>    This insurance does not apply to:
>
>    \*   \*   \*

  e.  Employer's Liability

    "Bodily injury" to:

    (1) An "employee" of the insured arising out of and in the course of:

      (a) Employment by the insured; or

      (b) Performing duties related to the conduct of the insured's business . . . .

       \* \* \*

    This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

    This exclusion does not apply to liability assumed by the insured under an "insured contract".

       \* \* \*

SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

       \* \* \*

  d. An organization other than a partnership, joint venture or limited liability company, you are an insured.

       \* \* \*

SECTION V – DEFINITIONS

       \* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

       \* \* \*

5. "Employee" includes a "leased worker".  "Employee" does not include a "temporary worker".

       \* \* \*

10. "Leased worker" means a person leased to you by a labor leasing firm . . . . "Leased worker" does not include a "temporary worker".

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

18. "Suit" means a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged.

\* \* \*

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work . . . . .

46. The Policy includes an "Amendment of Definitions – Insured Contract" endorsement (Form L216 (04/16)), which provides (in relevant part) that:

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

\* \* \*

The definition of "insured contract" in the Definitions section is replaced by the following:

"Insured contract" means any written:

\* \* \*

f. Part of any . . . contract or agreement pertaining to your business . . . under which you assume tort liability of another party to pay for "bodily injury" . . . to a third person or organization, provided the "bodily injury" . . . is caused, in whole or in part, by you or those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

47. The Policy also includes an "Artisan Contractor Extension – Additional Insured – Waiver of Transfer of Rights of Recovery Against Others to Us – Automatic Status When Required in Contract or Agreement" endorsement (Form L815 (01/17)) (the "AI Endorsement"), which provides (in relevant part) that:

>This endorsement modifies insurance provided under the following:
>
>COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
>A.  ADDITIONAL INSURED – AUTOMATIC STATUS WHEN REQUIRED IN CONTRACT OR AGREEMENT
>
>   1.  Section II – Who Is An Insured is amended to include as an additional insured any . . . organization for whom you are performing operations when you and such . . . organization have agreed in writing in a contract or agreement that such . . . organization be added as an additional insured on your policy.  Such . . . organization is an additional insured only with respect to liability for "bodily injury" . . . caused, in whole or in part, by:
>
>       a.  Your acts or omissions; or
>
>       b.  The acts or omissions of those acting on your behalf;
>
>       in the performance of your ongoing operations for the additional insured.
>
>       However, the insurance afforded to such additional insured:
>
>       a.  Only applies to the extent permitted by law; and
>
>       b.  Will not be broader than that which you are required by the contract or agreement to provide for such additional insured.
>
>       \* \* \*
>
>   2.  This insurance shall not apply to claims, "suits" or damages arising out of the acts, omissions or negligence of the additional insured(s).

48. The Policy also includes an "Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers" endorsement (Form L205 (11/10)) (the "L205 Exclusion"), which provides (in relevant part) that:

11

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. Exclusion e. Employer's Liability of 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

This insurance does not apply to:

e. Injury to Employees, Contractors, Volunteers and Other Workers

"Bodily injury" to:

(1) "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors of any insured; or

(2) Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors arising out of and in the course of:

(a) Employment by any insured; or

(b) Directly or indirectly performing duties related to the conduct of any insured's business . . . .

\* \* \*

This exclusion applies:

(1) Regardless of where the:

(a) Services are performed; or

(b) "Bodily injury" occurs; and

(2) Whether any insured may be liable as an employer or in any other capacity; and

(3) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

49. The Policy also includes an "Exclusion – Contractors and Subcontractors" endorsement (Form L282 (07/10)) (the "L282 Exclusion"), which provides (in relevant part) that:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> The following exclusion is added to 2. Exclusions of Section I – Coverage A – Bodily Injury And Property Damage Liability . . . :
>
> This insurance does not apply to "bodily injury" . . . arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

## COUNT I

### (Declaration that Nautilus Has No Duty to Defend or Indemnify Abby Enterprises)

50. Nautilus incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1-49.

51. This is a claim for declaratory relief concerning Nautilus's duty to defend or indemnify Abby Enterprises against any potential liability that the *DeMeule Action* may present for it.

52. An actual controversy exists as to whether any potential liability that the *DeMeule Action* may present for Abby Enterprises would be covered by the Policy.

53. Nautilus seeks a declaration that any potential liability that the *DeMeule Action* may present for Abby Enterprises would be excluded from coverage by application of the Policy's L205 and/or L282 exclusions.

WHEREFORE, Nautilus respectfully requests that this Court enter an order and judgment declaring that Nautilus has no duty to defend or indemnify Abby Enterprises against the *DeMeule Action*.

## COUNT II

### (Declaration that Nautilus Has No Duty to Defend or Indemnify Cohasset Associates)

54. Nautilus incorporates by reference, as if fully set forth herein, the allegations of Paragraphs 1-53.

55. This is a claim for declaratory relief concerning Nautilus's duty to defend or indemnify Cohasset Associates against any potential liability that the *DeMeule Action* may present for it.

56. An actual controversy exists as to whether any potential liability that the *DeMeule Action* may present for Cohasset Associates would be covered by the Policy.

57. Nautilus seeks a declaration that any potential liability that the *DeMeule Action* may present for Cohasset Associates would be excluded from coverage by application of the Policy's L205 and/or L282 exclusions.

WHEREFORE, Nautilus respectfully requests that this Court enter an order and judgment declaring that Nautilus has no duty to defend or indemnify Cohasset Associates against the *DeMeule Action*.

[Remainder of Page Intentionally Blank]

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Nautilus respectfully requests that this Court enter an order and judgment declaring that:

(1) Nautilus has no duty to defend or to indemnify Abby Enterprises against the *DeMeule Action*; and

(2) Nautilus has no duty to defend or indemnify Cohasset Associates against the *DeMeule Action*.

Nautilus also requests that this Court award such other and further relief as it deems just and proper.

                              Respectfully submitted,

                              Plaintiff,

                              NAUTILUS INSURANCE COMPANY,

                              By its attorneys,

/s/ Brian P. McDonough
Brian P. McDonough, BBO No. 637999
**MCDONOUGH COHEN & MASELEK LLP**
53 State Street
Suite 500
Boston, MA 02109
Tel:  (617) 742-6520
Fax:  (617) 742-1393
bmcdonough@mcmlawfirm.com

***Please Direct All Non-Electronic Correspondence to Our Administrative Office:***

McDonough Cohen & Maselek LLP
205B Willow Street, 2nd Floor
South Hamilton, MA 01982

Dated:  June 28, 2022